Bayless v. McFarland.

---

FLORENCE BAYLESS v. ROBERT McFARLAND.

(Filed Jan. 9, 1901.)

REPLEVIN—*Affidavit in Amendments—Dismissal.* Where, after the granting of a new trial, a party asks leave of court to amend the affidavit in replevin, and leave is granted by the court on condition that (1) the same be made within ten days, and (2) that the plaintiff pay all costs in this action to this date within ten days, the conditions only apply to the right to amend, and if the party fails to comply with the conditions, he only forfeits his right to amend, and in such event the pleadings in the case remain precisely in the same condition they were before the leave to amend was granted; and if such pleadings properly present a case, the court should hear and determine the same on the merits; and it is error for the court to make an order dismissing the case for a failure to comply with the conditions attached to the leave to amend.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, District Judge.*

*Tetirick & Rose,* for plaintiff in error.

*James B. Diggs,* for defendant in error.

### STATEMENT OF THE CASE.

This was an action of replevin commenced on February 3, 1898, by the plaintiff in error against the defendant in error before a justice of the peace in Owen township, Kay county, Oklahoma, by filing in said court an affidavit in replevin for the recovery of certain calves therein de scribed, and by filing in said justice's court of a certain replevin bond, which was approved by the said justice; whereupon the said justice issued a replevin writ, which was served upon the defendant, and the defendant then gave a forthcoming bond, as required by statute, and retained said property in his possession; and afterwards, on the 4th day of February, 1898, the defendant executed and delivered to the constable a redelivery bond, as provided by statute; afterwards, to-wit, on February 7, 1898, the defendant came into court and moved the court to dismiss the cause on the grounds that the replevin affidavit was not according to statute, which motion was by the court overruled; afterwards, to-wit, on the 7th day of February, 1898, the defendant filed his answer to plaintiff's petition, admitting that the plaintiff is the owner of said property, but alleging in himself a superior lien, by reason of the fact that such calves were found trespassing upon defendant's premises, and that he took them up as estrays, and holds a lien superior to that of plaintiff for expense of taking up and keeping, in the sum of five

dollars, and damages of trespassing and to fencing, two dollars, and for posting six notices, one dollar and eighty cents, making a total of eight dollars and eighty cents, any prays judgment for same. On the same day plaintiff asked leave of court to file amended replevin affidavit, which was by the court denied; and plaintiff also asked leave of the court to file a bill of particulars, which was denied by the court. Testimony was then taken in the case, and the court rendered judgment in favor of the plaintiff; from which judgment the defendant appealed to the district court, and filed his bond and the transcript of the proceedings in justice's court with the clerk of the district court.

On the 2nd day of February, 1898, being one of the regular days of the February term of the district court, defendant came into court and filed his motion to dismiss the action for the reasons (1st) that no bill of particulars was filed at the commencement of this action; and (2nd), that there was no allegation of demand having been made on defendant prior to the issuing·of summons; and (3rd), that no affidavit of replevin was filed prior to the issuing of summons; which motion was overruled by the court; to which defendant excepts. Leave was then given plaintiff to amend affidavit in replevin and bill of particulars. Leave was then given defendant to answer instanter. Trial was set before a jury, March 8, 1898.

On February 25, 1898, defendant filed his answer to amended bill of particulars of plaintiff. Said answer (1st) denied all the allegations of said bill of particulars; (2nd) set up a counter claim of twelve dollars for damages for the trespass of said calves and for the expense of taking

up and keeping the same, and asked judgment against plaintiff for this amount.

On September 5, 1898, defendant filed motion to dismiss, because no affidavit was made and filed before summons was issued; and on September 6, 1898, the court sustained said motion and dismissed said cause; to which plaintiff excepted.

On September 9, 1898, plaintiff filed a motion for a new trial, which motion was by the court sustained and a new trial granted. Thereupon the plaintiff asked leave to amend his affidavit in replevin, which leave was granted by the court on the following conditions:

1st.   That the same be made within ten days from this 4th day of November, 1898; and

2nd.   That the plaintiff pay all costs in this action to this date within ten days; and it is ordered plaintiff's case stand continued; to which defendant objects and excepts.

On February 20, 1899, being one of the regular days of the February term, 1899, of the district court of Kay county, this cause coming on to be heard on the regular call of the trial docket, the court made the following order: "It being shown to the court that the plaintiff has failed to comply with the order of the court heretofore, on to-wit:  the 4th day of November, 1898, made in this cause, the court finds plaintiff's cause should be dismissed;" and thereupon the court dismissed the case at the cost of the plaintiff; to which order of dismissal and taxing of the costs to plaintiff, plaintiff objected and excepted, and brings the case here for review.

Opinion of the court by

Irwin, J.: In this case there were two assignments of error, but they may both very properly be considered as one, to-wit: Was the order of the court dismissing the case for failure to comply with the conditions attached to the order allowing the plaintiff to amend the affidavit in replevin, reversible error?

Now, there can be no doubt, that under our statute, the court, in granting leave to amend any pleading in the case, has the right to impose any reasonable terms and conditions. In the case at bar, the conditions imposed on the plaintiff were, (1st) that the amendment should be made within ten days; (2nd) that the plaintiff should pay all costs to date within ten days. Both of which conditins, under ordinary circumstances, would be reasonable, and we see no reason why such terms should not be considered reasonable in this case.

But these conditions apply only to plaintiff's right to amend the affidavit in replevin; in other words, his right to amend was dependent upon this condition precedent, namely, that he should amend within ten days. Now, what, by reasonable contruction of the language of the order, would be the consequences in case of a failure on the part of the plaintiff to comply with these conditions? The answer must be, that he would forfeit his right to amend. Now, the plaintiff having failed to comply with these conditions, lost the benefit of the order of court allowing him to amend his affidavit in replevin. The result was, that the pleadings in the case were left in precisely the same condition that they were before the leave to amend was granted.

Now, what was the conditions of the pleadings as they stood before the conditional leave to amend was granted? A new trial had been granted by the court unconditionally, and the case stood precisely as though no decision had been rendered in the case. Now, it might be said that, as the case was once dismissed by the court on the motion of the defendant, for the reason that no affidavit was filed prior to the issuing of summons in the case, that when the pleadings were restored in their original condition by defendant's failure to comply with the conditions attached to his leave to amend, the same order should be made, and the case again dismissed; but it will be observed that, to make such action proper, the record should show that the motion to dismiss on such grounds should have been renewed by the defendant. The fact that the court granted a new trial in the case without attaching any conditions thereto, would indicate there was in his judgment, something wrong with the original decision. It is apparent, from an examination of the record, that the court did not dismiss the case on any motion of the defendant, or for any defects in plaintiff's pleadings; but solely upon the grounds that the plaintiff had failed to comply with the order of the court heretofore made in the case. This, we think, was error, for which the case should be reversed.

For reasons heretofore given this case is reversed and remanded to the district court, with orders that the case be reinstated, and for such action as will carry out the idea expressed in this opinion.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.